UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAGE TELEVISION AND VIDEO
PRODUCTIONS, INC.,

Civil File No. _____

Plaintiff,

**COMPLAINT AND JURY DEMAND**

v.

TELEVISION FOOD NETWORK, G.P.,

Defendant.

For its Complaint, Plaintiff Page Television and Video Productions, Inc. ("Page"),

states and alleges as follows:

## THE PARTIES

1.      Page is a New Jersey corporation with its principal place of business at

12800 Industrial Park Boulevard, Suite 135, Plymouth, Minnesota 55441.  Page is a

production company that produces television programming.

2.      Defendant Television Food Network, G.P. ("TVFN") is a Delaware general

partnership with its principal place of business at 75 Ninth Avenue, New York, New

York 10011.  On information and belief, TVFN operates the Food Network and does

business as "Food Network."

3.      Page brings this lawsuit because of TVFN's breach of the parties' Series

Production Agreement for the program Diners, Drive-Ins and Dives.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction is proper in this Court under 28 U.S.C. §

1332(a)(2), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is a dispute between citizens of different States.

5.     Personal jurisdiction exists with respect to TVFN because TVFN has transacted business within Minnesota and has committed acts causing damage in Minnesota.

6.     Venue is appropriate under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS

7.     David Page, President of Page, is the creator of the program "Diners, Drive-ins and Dives" (hereafter "Series") and serves as Executive Producer of the Series.

8.     Page has been producing the Series under contract with TVFN since the pilot for the program first aired in November 2006.

9.     On January 30, 2007, Page and TVFN entered into a Series Production Agreement for the Series.  The parties subsequently entered into nine amendments.  The Series Production Agreement and amendments are hereafter referred to as the "Contract."

10.     The Ninth Amendment to the Contract governs seasons 12, 13 and 14 of the Series and requires Page to produce and deliver 39 episodes of the Series according to guidelines provided by TVFN and according to a production and delivery schedule set forth in the Contract in return for certain payments.

11.     Under the Contract, TVFN is obligated to furnish the services of the host. In particular, the Contract states:  "TVFN shall furnish, or cause to be furnished, the services of the host (the "Host") of the Series and shall be responsible for the payment of

the Host's talent fee, which shall be separate from the budget for the Series."  (Contract, ¶ 4(f).)

12.     Page has complied with all of its obligations under the Contract.

13.     TVFN failed to comply with its obligations under the Contract by, among other things, failing to provide the services of the host and failing to make payments required by the Contract.

14.     In addition, TVFN informed Page that TVFN would not comply with its obligations under the Contract and would not allow Page to produce the Series after Season 12.

15.     TVFN's conduct is a material breach of the Contract.

**COUNT ONE**
**(Breach of Contract Against TVFN)**

16.     The Series Production Agreement between Page and TVFN was valid and enforceable between Page and TVFN.

17.     TVFN breached the Contract by, among other things, failing to provide host and other services, failing to make payments required under the Contract, and informing Page that TVFN would not comply with its obligations under the Contract and would not allow Page to Produce the Series beyond Season 12.

18.     Page is entitled to damages incurred as a result of TVFN's breach of the Contract in an amount to be proven at trial.

**COUNT TWO**
**(Breach of the Implied Covenant of Good Faith and Fair Dealing Against TVFN)**

19.     The Contract includes an implied covenant of good faith and fair dealing.

20. TVFN breached the implied covenant of good faith and fair dealing and thereby deprived Page of the right to receive benefits under the Contract.

21. As a result of TVFN's breach of the implied covenant of good faith and fair dealing, Page has been damaged in an amount to be proven at trial.

## JURY DEMAND

22. Page demands a jury trial.

**WHEREFORE**, Page asks the Court to:

1. Enter judgment for Page on its claims and award damages in an amount to be determined;

2. Award Page the costs incurred in this action; and

3. Grant such other and further relief as the Court deems just and equitable.

Dated: May 13, 2011

s/David R. Marshall_____
David R. Marshall (#184457)
dmarshall@fredlaw.com
Lora M. Friedemann (#259615)
lfriedemann@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

(612) 492-7000
(612) 492-7077 (fax)

ATTORNEYS FOR PLAINTIFF

4897627_2.DOC